UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

NORBERT WU, individually and on behalf of all
others similarly situated,

                              Plaintiff,                    09 Civ. 6557 (RJH)

              - against -                                   **MEMORANDUM OPINION AND
                                                            ORDER**

PEARSON EDUCATION, INC.,

                              Defendant.


Richard J. Holwell, District Judge:

        This case concerns a copyright dispute between Norbert Wu ("Wu"), a photographer, and

Pearson Education, Inc. ("Pearson"), a textbook publisher.  Wu, through three photo bureau

intermediaries, Minden Pictures ("Minden"), Peter Arnold, Inc. ("Arnold"), and Animals

Animals ("AA"), licensed Pearson to use his photographs in its textbooks.  Wu argues that

Pearson exceeded those licenses and sues for copyright infringement, asserting as well a variety

of state law claims.  Pearson moves to dismiss or stay this case pending arbitration, or, in the

alternative, to dismiss the complaint for various pleading deficiencies.  It also moves to strike

portions of the complaint pursuant to Rule 408 of the Federal Rules of Evidence because the

information involved was obtained through settlement negotiations.  During the pendency of this

action, however, Pearson has admitted through interrogatories the same information it moves to

1

strike from the complaint. Thus, while the Court does not condone skirting F.R.E. 408, this aspect of the motion has been rendered moot. For the reasons discussed below, the remainder of the motion is granted in part and denied in part.

## BACKGROUND

The following information is drawn from the complaint. It does not constitute a finding of fact by the Court. Wu is a professional photographer. (Am. Compl. ¶ 9.) Pearson is a publisher of textbooks and other related educational materials. (Am. Compl. ¶ 10.) Pearson has included Wu's photographs in its publications (Am. Compl. ¶12). When it uses Wu's photographs, Pearson enters into licensing agreements with various photo bureaus, including Minden (e.g., Am Compl. ¶ 47), Arnold (e.g., Am. Compl. ¶ 102), and AA (Am. Compl. ¶ 43). Although Pearson contracted with the photo bureaus, Wu retains the registered copyright for all of his photographs that Pearson printed. (Am. Compl. ¶ 180.) These license agreements typically provide for the number of copies of the photograph Pearson may print, a number which is referred to as the "print run." (Am. Compl. ¶ 13.) Wu alleges that on numerous occasions Pearson exceeded the allowed print run without first seeking prior authorization or paying an additional licensing fee. (Am. Compl. ¶¶ 17-19.) He also alleges that Pearson knew at the time of contracting that it would likely print more than the print run it licensed and concealed its intentions to exceed the licensing agreement in order to get a better price on the licenses. (Am. Compl. ¶¶ 20-21.) In some cases, Pearson obtained additional licenses after it had already exceeded the initial print run without first disclosing its overruns. (Am. Compl. ¶¶ 155-56.)

Pearson has provided the licensing agreements covering the photographs it licensed through Minden and Arnold. (DX A-M.) The front of each licensing agreement contains a list of pictures that Pearson is licensing, the name of the photographer for each photograph, a price

2

for each picture, the name of the book in which the pictures will be printed, and a print run.  The

back of each licensing agreement contains a form contract.  Although the contractual terms used

by Minden and Arnold differ from each other, each photo bureau uses the same form contract for

each of its licensing agreements.  The form contracts both contain similarly worded arbitration

clauses which are set forth below.  Neither party has produced a licensing agreement for the one

picture allegedly obtained through AA.  Wu's complaint alleges nine causes of action: copyright

infringement (Count 1), breach of contract (Count 2), unjust enrichment (Count 3), fraud (Count

4), fraudulent concealment (Count 5), fraudulent inducement (Count 6), breach of the duties of

good faith and fair dealing (Count 7), and two requests for declaratory judgment (Counts 8-9).

## STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts

as true all factual allegations in the complaint and draws all reasonable inferences in the

plaintiff's favor.  *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 692 (2d Cir.

2009).  The complaint's allegations, however, "must be enough to raise a right of relief above the

speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Only a "plausible

claim for relief survives a motion to dismiss."  *LaFaro v. New York Cardiothoracic Group,*

*PLLC*, 570 F.3d 471, 476 (2d Cir. 2009).  Thus courts are "not bound to accept as true a legal

conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949–50 (2009) (internal quotation marks omitted).

## DISCUSSION

Pearson argues first that Wu's state law claims arising from Pearson's agreements with

Minden and Arnold are subject to an arbitration agreement.  Pearson asks the Court to stay Wu's

3

remaining federal copyright claims pending arbitration of Wu's state claims. In the alternative, it moves to dismiss all claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and under Rule 9(b) for failure to plead fraud with particularity.

### I.  Plaintiff's State Claims are Subject to an Arbitration Provision

Both of the form licensing agreements Pearson has submitted to the Court contain provisions governing how disputes that arise from the agreements are to be resolved.  Under the terms of both licensing agreements, all non-copyright claims are to be resolved through arbitration.[1]  Paragraph 11 of the standard Arnold licensing agreement reads as follows:

> **11.  Arbitration:** A material part of this Contract is this agreement to arbitrate any disputes.  Any and all disputes relating to this Contract, *with the exception of copyright*, including its validity, interpretation, performance, breach or other matter shall be settled by arbitration in New York City pursuant to the rules of the American Arbitration Association.  Judgment upon any award rendered may be entered in the highest court having jurisdiction.  The Laws of the State of New York shall govern the interpretation of this Contract.  You agree the arbitrators have full authority to award costs of the arbitration, including legal fees, plus legal interest on any award.  (DX-G, 2) (emphasis added).

The standard licensing agreement between Minden and Pearson contains a similar arbitration clause:

> **18.**  Any and all disputes, with *the exception of copyright claims*, arising out of, under or in connection with the agreement, including without limitation the validity, interpretation, performance and breadth hereof, shall be settled by arbitration in Santa Cruz County, California, pursuant to the rules of the American Arbitration Association.  Judgement [sic] upon the award may be rendered in the highest court of the forum, State or Federal, having jurisdiction.  This agreement, its validity and effect, shall be interpreted under and governed by the laws of California.  (DX-A, 2) (emphasis added).

---

[1] As noted, neither side has submitted a licensing agreement covering the Animals Animals claim.

As a general rule, federal courts strongly prefer to honor private arbitration agreements.  Indeed, as the Second Circuit has observed, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied."  *Ragone v. Atl. Video at Manhattan Center*, 595 F.3d 115, 121 (2d Cir. 2010).  Under the Federal Arbitration Agreement ("FAA"), 9 U.S.C. § 1, *et seq.*, all arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

The plain language of the arbitration clauses require that all claims are subject to arbitration with the notable exception of copyright infringement claims.  Neither party suggests otherwise.  (Def. Mem. at 3-5, Pl. Opp'n at 5-6.)  Wu, however, contends that he is not bound by these clauses because Pearson denies that he was a party to the agreements.  (Pl. Opp'n at 5.)  This argument is unavailing.  An obligation to arbitrate generally arises from parties' explicit contractual agreement, but third parties may be bound by arbitration agreements to which they are not a signatory in five situations: "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel."  *American Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 352 (2d Cir. 1999).  Here, estoppel applies. "A party is estopped from denying its obligation to arbitrate when it receives a 'direct benefit' from a contract containing an arbitration clause."  *Id.* at 353.  A benefit is direct where it "flow[s] directly from the agreement."  *MAG Portfolio Consult, GMBH v. Merlin Biomed Group, LLC*, 268 F.3d 58, 61 (2d Cir. 2001).  Wu concedes that when Pearson signs a licensing agreement with the photo bureaus, he receives a portion of the licensing fee.  He thus receives a direct benefit from the contract. Wu may not pick and choose among the terms of the licensing agreements.  Because he received

5

a direct benefit from the agreements, he is estopped from arguing that he is not bound by the arbitration clauses.

Wu next argues that Pearson has waived arbitration. "There is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104-105 (2d Cir. 2002) (quoting *Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir. 2001)). "[W]aiver is more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation results in prejudice to the opposing party." *Id.* at 105. Wu claims prejudice because Pearson waited until after he filed an amended complaint to file its motion to dismiss or stay, and has been participating in discovery. (Pl. Opp'n at 4.) Pearson counters that it waited until Wu filed an amended complaint because Wu's original complaint neither identified which works were at issue nor appended the relevant licensing agreements. (Def. Rep. at 2.) Pearson argues that it filed its motion at the earliest possible juncture.

Pearson has the better of the argument. Pearson was not dilatory in filing its motion, and Wu has not suffered significant prejudice. *See Coca-Cola Bottling Co.*, 242 F.3d at 57 (no waiver by "by failing for four months to press its arbitration claim and, during that time, answering Coca-Cola 's complaint, claiming a violation of the TRO, entering into a protective order and stipulation for discovery, and obtaining substantial discovery"); *Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 434 F. Supp. 2d 211, 216-18 (S.D.N.Y. 2006) (no waiver where party waited until after a court refused to grant a motion to dismiss pursuant to Rule 12(b)(6) to move to compel arbitration). Accordingly, Pearson has not waived its right to arbitrate Wu's state law claims.

## II.   A Stay of Plaintiff's State Law Claims Is Appropriate

Wu argues that it would be procedurally improper for the court to grant a motion to stay his state law claims when no arbitration proceeding is currently pending. Wu cites no applicable case law in support of this proposition.[2] His argument instead depends upon a strained reading of the FAA. He argues that because the text of the statute refers to "such arbitration," courts may stay pending arbitration only when defendants have already initiated a specific arbitration proceeding. An examination of the full text of the statute reveals no such limitation upon the courts. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.  9 U.S.C. § 3.

The statute references "such arbitration" in describing when courts will lift the stay and in describing when the parties may be in default. It does not require, as Wu claims, that courts may stay only after arbitration proceedings have been initiated. Wu's strained reading of Section 3 ignores established case law rejecting this argument. *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 419-20 (5th Cir. 1985); *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 70 F.2d 297, 299 (2d Cir. 1934) ("True, [defendant] has not named its arbitrator, but in its

---

[2] The cases Wu cites in support of this proposition are inapposite. In *AT&T Tech. Inc v. Commc'n Workers of America*, 475 U.S. 643 (1986), the Supreme Court merely held that courts, not arbitrators, interpret the applicability of arbitration agreements. In *Nico Constr. Co., Inc. v. Installux Co.*, 1989 WL 146779, at *2 (S.D.N.Y. November 30, 1989), the court held that it was premature to compel arbitration before the other party had refused to participate in an arbitration proceeding.

answer and moving affidavits has merely expressed its willingness to submit to arbitration. This appears to us enough.") (Hand, J.).

### III.     Whether to Stay the Non-Arbitrable Copyright Claims

When cases contain claims that are both arbitrable and nonarbitrable, district courts may stay the non-arbitrable claims pending the outcome of arbitration "pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (quoting *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964)). "Broad stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987).

Pearson argues that the Court should stay Wu's copyright claims because they are inextricably linked with Wu's breach of contract claim and it would be inadvisable for the Court to hear the copyright claims before the an arbitrator has resolved the contract claims. While the majority of Wu's claims are subject to arbitration, the core of Wu's complaint seems to be his underlying copyright claims. Furthermore, both arbitration agreements contain specific carve-outs for copyright claims, evincing a clear intent that these claims be resolved in federal court independent of an arbitration proceeding. It would be a disservice to the parties' agreement if the resolution of these issues were delayed. The Court also notes that the parties in this dispute have another case before the Court, *Wu v. Pearson*, 10 Civ. 6537, in which Wu alleges that Pearson improperly published his photographs in its textbooks and entered into licensing agreements only after the fact. None of the claims raised in the second action appear arbitrable and therefore will progress in the normal course towards trial. While the claims in these two

8

actions are distinct, they are similar enough for the Court to conclude that—despite the risk of

parallel arbitration proceedings—it would be more efficient to allow both litigations to proceed

simultaneously.  As such, the Court declines to stay this case pending the outcome of arbitration.

## IV.    Motion to Dismiss the Copyright Claims

In order to survive a motion to dismiss in a copyright infringement case, a plaintiff must

plead with sufficient specificity:  "1) which specific original works are the subject of the

copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have

been registered in accordance with the statute, and 4) by what acts during what time the

defendant infringed the copyright."  *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643-644

(S.D.N.Y. 2008) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)).

### A.  Copyright Claims Arising from the Arnold Agreements

The Arnold licensing agreements contain a provision that describes how copyright claims

are to be resolved.  Paragraph 2 of agreements provide as follows:

> **2. Unauthorized Use:** Peter Arnold Inc will calculate a usage fee for images
> relying in good faith on the information you provide and will issue an invoice
> granting reproduction rights and detailing the usage granted.  Since it is difficult
> to determine damages resulting from unauthorized usage, in the event you utilize
> an image other than for the usage indicated in our invoice, including but not
> limited to the number of uses, the publications utilized, or the size of the
> reproduction, *we agree to forego our right to sue you for copyright infringement*
> and you agree to pay, as liquidated damages, a sum equal to four (4) times the
> normal price we would have charged for such unauthorized use within ten (10)
> days of our billing such fee.  If you refuse to fail to timely make such payment,
> this liquidated damage provision shall be void and we shall have the right to sue
> for copyright infringement, for which we shall not accept less than ten (10) times
> the normal license plus attorney's fees and all associated costs. (DX-G, 2)
> (emphasis added).

Wu admits that he is a third-party beneficiary to their contracts.  (Pl. Opp'n at 15-16.)  Under

New York State law, third-party beneficiaries "possess[] no greater right to enforce a contract

9

than the actual parties to the contract." *BAII Banking Corp. v. UPG, Inc.*, 985 F.2d 685, 697 (2d Cir. 1993) (citing *Wasserman v. Weisner*, 36 Misc.2d 916, 917 (Sup. Ct. New York County 1962). The contractual provision clearly states that Arnold forgoes its right to sue for copyright infringement until Pearson has been invoiced for the unauthorized usage and failed to pay that amount within ten days of being billed. There are no allegations in the amended complaint that these events have occurred. Wu may not file a complaint until this condition precedent has been satisfied. Restatement (Second) of Contracts § 309(b). As such, Wu has not stated a claim upon which relief may be granted with respect to his copyright claims arising from the Arnold agreements.

### B. *Copyright Claims Arising from Minden and AA Agreements*

Pearson moves to dismiss Wu's remaining copyright claims pursuant to Fed. R. Civ. P. 12(b)(6). The thrust of Pearson's argument is that once the Court strikes certain factual allegations under F.R.E. 408, the remainder of the complaint is insufficient to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2). Because Pearson's motion to strike has been dismissed as moot, this argument loses its persuasiveness. Pearson gamely contends that Wu's complaint should be dismissed nonetheless because it is too tentative in nature to be plausible on its face. (Def. Mem. at 9-10.) Wu's complaint is rife with qualifiers, such as "[u]pon information and belief, and as best Plaintiff can determine" (*e.g.*, Compl. ¶¶ 55) and "may have exceeded the print run," (*e.g.*, Compl. ¶ 77). Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, however, plaintiffs may plead the allegations in complaints upon information and belief, and many of these qualifiers are roughly equivalent to so pleading. Although the number of qualifiers is at times excessive, Wu's style of writing does not impede the reader's ability to understand the allegations made or how those allegations satisfy the elements of a copyright

10

claim.  Pearson cites no case in which a court dismissed a complaint for overuse of qualifiers, and the Court is aware of no such case.  Pearson cites *Elan Microelectrics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009), but the court there dismissed Apple's counterclaims not because they were excessively qualified, but rather because Apple failed to allege sufficient facts to make the complaint plausible on its face.  *Id.* at *4.  Wu's complaint read as a whole suffers no such flaw.

V.     **Motion to Dismiss State Law Claims Arising from the AA Agreement**

Pearson moves to dismiss Wu's state law claims that relate to the one photo arising out of the AA licensing agreement.  Neither party has presented this agreement to the Court, and the agreement figures heavily both in Wu's pleading of his claims and in Pearson's argument that they should be dismissed.  This agreement, when it surfaces, may very well contain an arbitration clause similar to those in the standard form agreements employed by Minden and Arnold, meaning that the Court would be intruding on the domain of the arbitrator to hear these claims at all.  Given the circumstances, it would be imprudent for the Court to rule on Pearson's arguments at this time.  Pearson's motion to dismiss these claims is denied without prejudice.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss **[23]** is granted in part and denied in part.  Defendant's motion to stay all state law claims arising from the Minden and Arnold agreements pending arbitration is GRANTED.  Defendant's motion to stay the remaining claims is DENIED.  Defendant's motion to strike is DENIED as moot.  Defendant's motion to dismiss the copyright claims stemming from the Arnold agreement is GRANTED.  Defendant's

11

motion to dismiss all other copyright claims is DENIED.  Defendant's motion to dismiss Counts

II-IX of the complaint as they pertain to the AA photograph is DENIED without prejudice.

SO ORDERED.


Dated: New York, New York

September 29 2010


Richard J. Holwell

United States District Judge

12