```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NORBERT WU, Individually and on    :  09 Civ. 6557 (KBF) (JCF)
Behalf Of All Similarly Situated   :
Persons,                           :
                                   :         MEMORANDUM
                                   :         AND  ORDER
           Plaintiffs,             :
                                   :
     - against -                   :
                                   :
PEARSON EDUCATION INC.,            :
                                   :
           Defendant.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Counsel in this action previously presented to me a number of discovery disputes.  At a pretrial conference on March 19, 2012, they indicated that they were continuing to negotiate a possible resolution, and I gave them a deadline for completing that process. They now represent that they have resolved, or are on the verge of resolving, all of their disagreements save one.  (Undated Letter of Kevin P. McCulloch received April 2, 2012 ("McCulloch Letter"); Letter of David W. Marston Jr. dated April 6, 2012 ("Marston Letter"); Undated Letter of Kevin P. McCulloch received April 9, 2012 ("McCulloch Reply")).

The single remaining dispute that counsel have presented for determination concerns what the plaintiff refers to as "settlement related discovery." (McCulloch Letter at 3; McCulloch Reply at 1).

1

The defendant, Pearson Education, Inc. ("Pearson"), contends that this characterization improperly conflates two separate categories of documents: those that relate to confidential settlement agreements and attendant negotiations and those consisting of evidence of punitive fees or penalties that the defendant may have paid to resolve print overrun claims.  (Marston Letter at 1-2). According to Pearson, it has or will produce documents in the latter category but objects to disclosing confidential settlement documents.

The distinction that Pearson draws is not the pertinent one. The defendant relies on Rule 408 of the Federal Rules of Evidence, which provides that evidence of an offer of compromise or settlement is inadmissible to prove or disprove the validity or amount of a disputed claim.  Fed. R. Evid. 408(a)(1), (2). However, evidence of settlement is admissible for other purposes. Fed. R. Evid. 408(b).  Therefore, any analysis must begin with a determination of the purpose for which the information is sought, keeping in mind that, to be discoverable, the information need not be admissible in itself but must only be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Settlement of similar claims has consistently been found to be evidence of willfulness in copyright infringement actions.  See

Stevens v. Aeonian Press, Inc., No. 00 Civ. 6330, 2002 WL 31387224, at *3 (S.D.N.Y. Oct. 23, 2002); Walt Disney Co. v. Best, No. 88 Civ. 1595, 1990 WL 144209, at *2 (S.D.N.Y. Sept. 26, 1990); Delman Fabrics Inc. v. Holland Fabrics Inc., No. 84 Civ. 2512, 1985 WL 2571, at *6 n.4 (S.D.N.Y. Sept. 19, 1985); Lauratex Textile Corp. v. Allton Knitting Mills Inc., 519 F. Supp. 730, 733 (S.D.N.Y. 1981). Accordingly, documents sought by the plaintiff that reflect the final settlement of overrun claims are discoverable. So, too, are documents that show the date on which such claims were initiated, since the duration of Pearson's awareness of the overrun issue is pertinent to willfulness.

By contrast, documents concerning the negotiation process that led to the settlement of overrun claims need not be produced. First, the request for "settlement communications" (McCulloch Letter at 3) is vague and overbroad. Second, the plaintiff has not articulated how documents reflecting, for example, the "bid and ask" in negotiations concerning other claimants could plausibly lead to admissible evidence on any issue in this litigation.

This is not to say that such documents are immune from discovery: there is no settlement negotiation privilege. See In re MSTG, Inc., ___ F.3d ___, ___, Misc. No. 996, 2012 WL 1155736, at *9 (Fed. Cir. April 9, 2012). Therefore, to the extent that the plaintiff has otherwise identified specific categories of

discoverable documents, those documents shall be produced even if they were created in the context of settlement negotiations.

Conclusion

With respect to settlement-related discovery, Pearson shall produce within one week of the date of this order:

1.  Any document reflecting punitive fees or penalties that Pearson has paid to resolve print overrun claims;

2.  Any document reflecting final settlement of claims concerning print overruns;

3.  Documents sufficient to show the date on which any claim concerning a print overrun was initiated; and

4.  Any specific document previously requested by plaintiff that may have been withheld because it was created in the context of settlement negotiations.

These documents shall be produced, as appropriate, pursuant to the confidentiality order in place in this case.  In all other respects, the plaintiff's application to compel production of settlement-related discovery is denied.


SO ORDERED.


JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 12, 2012

Copies mailed this date:

Dan Nelson, Esq.
Kevin P. McCulloch, Esq.
Nelson & McCulloch
100 Park Avenue
New York, New York 10017

David W. Marston, Jr., Esq.
Ezra D. Church, Esq.
Robert A. Particelli, III, Esq.
J. Gordon Cooney, Jr., Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Shana R. Cappell, Esq.
Namita E. Mani, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178