USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 6 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NORBERT WU, Individually and on Behalf  :
of All Similarly Situated Persons,      :        09 Civ. 6557 (KBF)
                                        :
                        Plaintiff,      :        MEMORANDUM & ORDER
                                        :
            -v-                         :
                                        :
PEARSON EDUCATION INC.,                 :
                                        :
                        Defendant.      :
------------------------------------------X

KATHERINE B. FORREST, District Judge:

        In a letter, dated and received July 24, 2012, plaintiff

requests that this Court recuse itself from this matter.[1]  The

basis for recusal, according to plaintiff, is that my prior

"advocacy and representation [for DC Comics in Authors Guild

Inc., et al. v. Google Books, Case No. 05 Civ. 8136] during the

pendency of the Wu cases creates at least an appearance of

impropriety."  For the reasons set forth below, the request,

construed as a motion for recusal pursuant to 28 U.S.C. § 455,

is DENIED.  The Court assumes the parties' familiarity with the

underlying facts and procedural history of this case.

        Pursuant to 28 U.S.C. § 455(a), a federal judge is

required to recuse herself "in any proceeding in which [her]

impartiality might reasonably be questioned."  The standard is

an objective one--"[w]ould a reasonable person, knowing all the

---

[1] Plaintiff's letter refers only to this case and not the related case Wu v.
Pearson Education, Inc., Case No. 10 Civ. 6537--i.e. Wu II.

facts, conclude that the trial judge's impartiality could reasonably be questioned?" <u>U.S. v. Lovaglia</u>, 954 F.2d 811, 815 (2d Cir. 1992). The answer here is "No." Because of the possibility for "judge-shopping," "the sensitive issue of whether a judge should be disqualified requires a careful examination of th[e] relevant facts and circumstances to determine whether the charges reasonably bring into question a judge's impartiality." <u>In re Drexel Burnham Lambert, Inc.</u>, 861 F.2d 1307, 1309 (2d Cir. 1988).

The relevant facts and circumstances are as follows: On February 9, 2012, this case was reassigned to this Court. Since then, this Court has, <u>inter alia</u>, held a status conference, set a schedule and issued multiple orders. On July 16, 2012, in a separate case, <u>Palmer Kane LLC v. Scholastic Corporation</u>, Case No. 11 Civ. 7456 ("<u>Palmer Kane</u>"), this Court denied a motion for class certification. The <u>Palmer Kane</u> case contains nearly identical allegations as those asserted here and the counsel for plaintiff is the same in both cases. Shortly after the Court denied the motion for certification in <u>Palmer Kane</u>, it issued an order in this case directing the parties to review the <u>Palmer Kane</u> decision and notify the Court as to whether either party intended to move for decertification or any other ruling relating to the class previously certified by Judge Holwell on September 30, 2011. (Dkt. No. 145.) Defendant informed the

Court that it intended to move for decertification and the Court set a schedule for briefing the motion on July 23, 2012. Plaintiff's letter regarding recusal was dated and received the next day.

As stated above, the basis for plaintiff's motion is my prior representation of DC Comics in the class action copyright infringement case Authors Guild Inc., et al v. Google Books, Case No. 05 Civ. 8136 ("Authors Guild"), which plaintiff states is "similar" to this case. As an initial matter, the Court notes that DC Comics was objecting to a proposed settlement agreement as a copyright owner (like plaintiff) and member of the class--it was not class representative or defendant in that action. Regardless, my involvement in Authors Guild does not provide a basis for recusal.

First, my representation of DC Comics, as an objector to a proposed settlement agreement in Authors Guild, was limited to three filings on September 3, 2009--a Notice of Appearance, a Corporate Disclosure Statement and an Objection to the Proposed Settlement Agreement. As the docket reflects, outside of one day, I had no involvement with Authors Guild and the fact that I was not "Terminated" as "Lead Attorney" for objector DC Comics on the docket years ago is simply a clerical error.

Second, the fact that over three years ago I represented an objector to a proposed settlement agreement in a case that

3

happens to be a copyright case cannot possibly support recusal. "If Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could be appointed to the bench." Cipollone v. Liggett Group, Inc., 802 F.2d 658, 659-660 (3d Cir. 1986). Thus, the understanding that I gained in my prior law practice with regard to copyright infringement and licensing issues is not a proper basis for plaintiff's recusal motion.

In light of the relevant facts and circumstances, it is plain to see that this motion is an expression of plaintiff's disapproval with the decisions that this Court has made in its judicial role--and a party's disagreement with judicial decisions does not provide a basis for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). Here, a reasonable person could not reasonably question this Court's impartiality. Accordingly, the motion for recusal is DENIED.

SO ORDERED:

Dated:     New York, New York
           July 26, 2012

                                  _____
                                       KATHERINE B. FORREST
                                  United States District Judge